IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Erica Harris** and **Marilyn Talbot,** each individually and on behalf of all others similarly situated, | Case No. 20-CV-610<br>Case Type: FLSA/Overtime |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| **UnitedHealth Group Incorporated,** | |
| Defendant. | |

Plaintiffs Erica Harris and Marilyn Talbot, each individually and on behalf of all others similarly situated, by and through their attorneys Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC (*pro hac vice* applications forthcoming) and Joshua Newville of Madia Law LLC, and for their collective action Complaint against Defendant UnitedHealth Group Incorporated, hereby state and allege as follows:

### INTRODUCTION

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this wage and hour action pursuant to the Fair Labor Standards Act, Title 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Defendant improperly classified Plaintiffs and similarly situated "Quality Control Specialists" as salaried employees exempt from the overtime requirements of the FLSA. As a result, Defendant failed to pay Plaintiffs and the similarly situated individuals proper overtime compensation for all applicable hours. Plaintiffs intend to seek class certification, declaratory judgment, injunctive relief, compensatory damages, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and all other relief available in law and equity.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this suit raises federal questions pursuant to the FLSA.

4. This Court has personal jurisdiction over Defendant, a Delaware company, as Defendant's principal place of business and chief executive officer are located in this State and District at 9900 Bren Road East, Minnetonka, Hennepin County, Minnesota 55343.

5. Venue lies properly within this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2). Furthermore, upon information and belief, the witnesses to wage violations and relevant time and payroll records are located in this State and District.

## PARTIES

6. Plaintiff Erica Harris is a citizen of the United States and a resident and domiciliary of the State of Texas.

7. Defendant employed Harris as a "Quality Control Specialist" from May 2018 until December 2019. Throughout that time, Defendant classified Harris as a salaried employee, purportedly exempt from the overtime requirements of the FLSA.

8. Plaintiff Marilyn Talbot is a citizen of the United States and a resident and domiciliary of the State of California.

9. Defendant employed Talbot as "Quality Control Specialist" from December 2015 until July 2017. Throughout that time, Defendant classified Talbot as a salaried employee, purportedly exempt from the overtime requirements of the FLSA.

10. Plaintiffs bring this representative collective action pursuant to 29 U.S.C. § 216(b), on behalf of:

> *All individuals employed by Defendant as salaried, non-exempt "Quality Control Specialists" during any time from three years prior to the filing of the Complaint until the completion of the litigation.*

11. Plaintiffs reserve the right to amend this definition if necessary.

12. The individuals in the collective are similarly situated in that they share traits such as:

   A. Defendant improperly classified them as salaried employees, exempt from the overtime wage requirements of the FLSA;

   B. They were not paid proper overtime wages as required by the FLSA;

   C. They worked more than forty (40) hours in some or all weeks; and

   D. They had substantially similar job duties, requirements, and pay provisions.

13. Plaintiffs are presently unable to state the exact number of similarly situated individuals, but believe that there are at least 1000 other employees who worked for Defendant as "Quality Control Specialists" and were not paid proper overtime compensation due to Defendant's improper FLSA classification.

14. Defendant can readily identify the members of the Section 216(b) class, which encompasses all truly non-exempt employees who worked for Defendant as a "Quality Control Specialist" during the three years prior to the filing of the Complaint.

15. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective as soon as possible.

16. Pursuant to the FLSA, Plaintiffs' written consent forms are attached hereto as Exhibits A and B. As the case proceeds, it is likely that other individuals will also sign consent forms and join this case.

17. At all times relevant to this Complaint, Plaintiffs and those similarly situated worked as "employee[s]" of Defendant, who acted as their "employer," as those terms are used in 29 U.S.C. § 203(d).

18. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

19. Defendant UnitedHealth Group Incorporated ("UnitedHealth") is a Delaware, for-profit corporation.

20. UnitedHealth is registered to do business in Minnesota. Its registered agent for service is C T Corporation System, Inc., at 1010 Dale Street North, St. Paul, Minnesota 55117.

21. UnitedHealth provides health care coverage and benefits services, as well as information and technology-enabled health services.[1]

22. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

---

[1] *See* https://www.unitedhealthgroup.com/about.html, last visited Feb. 25, 2020.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24. Defendant's business activities involve those to which the FLSA applies and Defendant is subject to enterprise coverage under the FLSA.

### GENERAL ALLEGATIONS

25. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

26. At all relevant times, Defendant was an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

27. At all relevant times, Defendant misclassified Plaintiffs and those similarly situated as salaried employees exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

28. As Quality Control Specialists for Defendant, Plaintiffs and the similarly situated individuals were (and are) responsible for helping ensure that doctors assess patients properly, provide accurate reporting, and comply with relevant guidelines.

29. At all relevant times, Defendant directly hired Quality Control Specialists to work in its offices, paid them wages and benefits, controlled their work

schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. Plaintiffs and the similarly situated individuals were subject to strict supervision, lacking managerial or supervisory authority, and were not highly trained or compensated employees as those terms are used pursuant to the FLSA.

31. Further, Plaintiffs and the similarly situated individuals did not do any of the following (as such tasks are defined pursuant to the FLSA and relevant caselaw):

    A. control or direct business operations;
    B. make decisions and issue directions to other employees that require skill and judgment;
    C. have a position that requires advanced skill or knowledge in a field of science or learning;
    D. impart advanced skill or knowledge;
    E. have a position that requires creative talent;
    F. have the authority to represent the company to outside entities such as state or federal governments;
    G. have the authority to hire/fire other employees; nor are their recommendations regarding other employees' status given particular weight;
    H. interview applicants
    I. select which employees should be hired;
    J. set and adjust employees' rate of pay;
    K. set and adjust employees' schedules;
    L. rate individual employees' productivity and efficiency to recommend promotions or other changes in status;
    M. handle employee complaints or grievances;
    N. discipline employees;
    O. plan and control a budget;
    P. monitor or implement legal compliance measures;

      Q.    determine the techniques to be used for managing and performing organizational workload;

      R.    provide for the safety and security of employees;

      S.    determine the type of materials, supplies, machinery, equipment or tools to be purchased and/or used by employees;

      T.    make essential management decisions;

      U.    regularly exercise discretionary powers;

      V.    have freedom from supervision; and

      W.    have a primary duty involving exercising discretion and independent judgment.

32. Furthermore, regardless of whether or not Plaintiffs and the similarly situated individuals performed any of the foregoing tasks (as they are defined and interpreted by the FLSA and the applicable caselaw), Defendant treated Plaintiffs and the similarly situated individuals such that they should be rendered non-exempt employees for the entirety of the applicable statutory period.

33. Defendant paid Plaintiffs and the similarly situated individuals set, regular salaries that were consistent per pay period regardless of the exact number of hours worked in each period.

34. During the time period relevant to this lawsuit, Plaintiffs and the similarly situated employees regularly worked for Defendant for over forty hours each week.

35. Yet, during the same weeks, Defendant did not pay overtime wages of a full one and one-half times the regular rate of pay for all such hours.

36. Defendant's wage and hour violations have been widespread, repeated, and consistent.

37. Defendant's unlawful conduct was willful and in bad faith.

38. Defendant knew or should have known that its actions violated the FLSA.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## COUNT 1:

### FAIR LABOR STANDARDS ACT

### Overtime Wage Violations

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

41. Plaintiffs, both on behalf of themselves and those similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. Titles 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked per week and to pay one and one-half times regular wages for all hours worked over forty (40) in a

week, unless the employees meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

43. At all times relevant times to this Complaint, Defendant improperly classified Plaintiffs and those similarly situated as salaried employees exempt from the overtime requirements of the FLSA.

44. Defendant failed to pay Plaintiffs and those similarly situated an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

45. Defendant's failure to pay Plaintiffs and those similarly situated all overtime wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendant caused injury to Plaintiffs and those similarly situated.

47. Defendant is liable to Plaintiffs and those similarly situated for compensatory damages, liquidated damages, pre- and post-judgment interest, costs and expenses, and attorneys' fees. Defendant is so liable for all violations that occurred within the three (3) years prior to the filing of this Complaint and thereafter. Further, Plaintiffs and those similarly situated are entitled to an injunction preventing Defendant from engaging in similar conduct going forward, as well as all other legal and equitable relief this Court deems just and proper.

48.     Total damages suffered by Plaintiffs and those similarly situated are to be further determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, each individually on behalf of all others similarly situated, respectfully pray for judgment against Defendant as follows:

A. That notice of this lawsuit be given to all similarly situated individuals as soon as possible;

B. That the Court certify the instant suit as an opt-in collective action under 29 U.S.C. 216(b);

C. That Plaintiff and the similarly situated individuals be determined and adjudicated to be non-exempt and covered employees under the FLSA;

D. That the Court issue a declaratory judgment that Defendant's acts, omissions, policies, practices, and procedures complained of herein violated provisions of the FLSA;

E. That the Court order injunctive relief that Defendant be immediately ordered to comply with the FLSA and all state wage laws;

F. That the Court award Plaintiff and the similarly situated individuals:

   a. statutory damages;

   b. civil penalties;

      c. compensatory damages;

      d. treble damages;

      e. liquidated damages;

      f. pre- and post-judgment interest;

      g. costs and expenses;

      h. attorneys' fees;

G. That all applicable penalties be assessed against Defendant for its failure to abide by wage laws;

H. That the practices of Defendant complained of herein be determined and adjudicated to be willful violations of the FLSA;

I. That the practices of Defendant complained of herein be determined and adjudicated to be intentional violations of the FLSA;

J. That Plaintiffs be awarded incentive awards for serving as representatives of the collective action;

K. That Plaintiffs be granted leave to amend the Complaint to add claims under applicable state and federal laws, and to add other defendants who meet the definition of Plaintiffs' and the similarly situated individuals' "employer" under the FLSA and other applicable state wage laws; and

L.  For all other relief available in law and equity.

Dated: February 26, 2020. **SANFORD LAW FIRM, PLLC**

Josh Sanford, AR #2001037
Courtney Lowery, AR #2019236
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, AR 72211
Ph: (501) 221-0088 | Fax: (888) 787-2040
Email: josh@sanfordlawfirm.com
*Pro hac vice applications pending*

Dated:  February 26, 2020. **MADIA LAW LLC**

/s/Joshua A. Newville
Joshua A. Newville, MN #395221
323 Washington Ave. N., #200
Minneapolis, Minnesota  55401
Ph: 612.349.2743 | Fax:  612.235.3357
Email: newville@madialaw.com
*Local Counsel*